CHEHARDY, Chief Judge.
This is a suit for past-due lease payments, late charges, attorney fees and costs for equipment leased by Leasing Services, Inc., to Continental Contractors, Inc. Defendants appeal a judgment overruling their exception of prescription.
On April 16, 1987 plaintiff, Donald P. Starns, Receiver for Leasing Services, Inc., filed a petition for breach of lease and rule for possession naming as defendants Stanley Emmons, Tommy R. Emmons and Continental Contractors, Inc.
Tommy R. Emmons and Continental Contractors, Inc., responded to the allegations by raising an exception of prescription and arguing that the three-year prescriptive period of Civil Code Article 3494 precluded recovery.
The trial court overruled the exception of prescription and found the 10-year prescriptive period of Civil Code Article 3499 applicable. Tommy Emmons and Continental Contractors, Inc., applied to this court for supervisory writs from this judgment. On September 4, 1987 writs of certiorari and review were granted and it was ordered that the matter be handled as a regular appeal, by being docketed and assigned to an appeal panel. Starns v. Emmons et al., cert. granted (La.App. 5 Cir. Sept. 4, 1987) (No. 87-C-594).
The question before us is whether plaintiff’s claim is barred by the liberative prescription of three years. Appellants assert that this is a cause of action seeking ar-rearages of rent for which the applicable prescriptive period is three years pursuant to Civil Code Article 3494.
It is well settled that the applicable prescriptive period is determined by the character given to the action by the plaintiff in his pleadings. Duer & Taylor v. Blanchard, Walker, etc., 354 So.2d 192 (La.1978); Federal Insurance Co. v. Insurance Co. of No. Amer., 262 La. 509, 263 So.2d 871 (1972); Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957).
In the instant case, the petition alleges that plaintiff entered into three leases for movable property. Specifically the petition alleges the following facts: On February 5, 1980 Continental Contractors, Inc., leased from plaintiff a 160 CFM Air Compressor, for the sum of $500 per month for a period of 36 months, beginning February 1, 1980. The lease provided for a late charge of $25 per month for each payment received more than five days from its due date. The lease also provided that if the lessee did not notify the lessor in writing that the lease would not be renewed within 30 days of the end of the term, the lease would automatically renew itself on a year-to-year basis. Continental never gave written notice to plaintiff and the lease renewed itself until January 1, 1988. The last payment was made on May 6, 1982. The lease provided for an additional 20% attorney fees on the *253 principal and interest. The outstanding balance on this lease is $36,125.
The petition further alleges: On or about October 8, 1980, Continental entered into a second lease contract with plaintiff whereby it leased a Ditch Witch R40 Trencher with digging attachment, for the sum of $902 per month for a period of 36 months beginning on October 10, 1980. The lease provided for a late charge of $45.60 per month for each payment received more than five days after its due date. This lease was terminated on or about July 5, 1982 and the equipment was returned to plaintiff. The lease provided for 20% attorney fees and costs. The balance due on this lease is $5,698.33, plus interest and attorney fees.
As to the third lease the petition alleges: A third lease was entered into on or about October 8,1980 whereby Continental leased a 1980 Ditch Witch Trailer at a rate of $115 per month for a period of 36 months, beginning October 1, 1980. The lease provided for a late charge of $5.75 per month for each payment received more than five days after its due date. This lease was terminated on or about July 5, 1982 and the equipment was returned to plaintiff. The lease provided for 20% attorney fees and costs. The balance due on this lease is $1,553, plus interest, attorney fees and costs.
Allegedly, Stanley Emmons and Tommy R. Emmons signed continuing guarantees for the second and third leases.
Plaintiff prayed that judgment be rendered against Continental Contractors, Inc., in the sum of $43,376.35, plus late fees, interest, attorney fees and costs. He also prayed that judgment be rendered against Stanley Emmons and Tommy R. Emmons in the sum of $7,251.33, plus late fees, interest, attorney fees and costs.
The original and supplemental and amending petitions allege that Continental breached the written contracts of lease and that Stanley and Tommy Emmons are sureties on the second and third leases. The relief sought includes past-due lease payments, late charges, attorney fees and costs, all of which are payable by the lessee under the terms of the written lease contracts. The fact that one of the items of damages is the loss of lease payments does not preclude plaintiff from pursuing an action in contract.
After reviewing plaintiffs petition, we are convinced that the trial court was correct in concluding that the action had not prescribed pursuant to LSA-C.C. art. 3494. We find that the action on the face of the petition is one in contract and that the prescriptive period of Article 3499 applies.
For the foregoing reasons, the judgment of the trial court is affirmed and the matter is remanded for further proceedings not inconsistent with this opinion. Costs of this appeal are assessed against appellants.
AFFIRMED AND REMANDED.