538 So.2d 275 (1989)
Donald P. STARNS, Receiver for Leasing Services, Inc.
v.
Stanley EMMONS, Tommy R. Emmons and Continental Contractors, Inc.
No. 88-C-1575.
Supreme Court of Louisiana.
January 30, 1989.
Francis T. Moore, Jr., for applicants.
Claude C. Lightfoot, Jr., New Orleans, Roy S. Lilley, Metairie, for respondent.
*276 DIXON, Chief Justice.
This breach of lease action presents the narrow issue of whether the three year liberative prescription of C.C. 3494 prevents recovery of rent arrearages, including late charges and attorney fees based on those arrearages, in an action for breach of lease timely filed under C.C. 3499. At the outset, it is important to note that the parties have taken no evidence in this case. The lower courts denied the defendants' exceptions of prescription solely on the briefs and the arguments presented.
On April 16, 1987, Donald P. Starns, Receiver for Leasing Services, Inc., filed a petition for breach of lease and rule for possession against defendants Continental Contractors, Inc., Stanley Emmons, and Tommy R. Emmons, alleging that they had breached three equipment leases. According to the petition, Continental leased a 160 CFM air compressor from Leasing Services on February 5, 1980 (lease one). The lease terms called for 36 monthly payments of $500.00 per month, beginning February 1, 1980, and included a provision for a late charge of $25.00 per month for each payment received more than five days after its due date. The total amount of the lease was $18,000.00. The lease also required that Continental notify Leasing Services in writing within thirty days of the end of the lease term if it wanted to cancel the lease. Without such notification, the lease was automatically renewed. Finally, the lease contained an acceleration clause and provisions for 20% attorney fees on the principal and interest subject to collection.
Because Continental never provided written notice of termination, Starns asserts that the lease was reconducted until January 1, 1988, even though the last payment Continental made to Leasing Services under this lease was dated May 6, 1982. Starns now demands that Continental pay Leasing Services the balance of the rent due under the lease, a total of $36,125.00, plus late charges and attorney fees. Continental contends, however, that the theft of the leased compressor from its work site during the lease terminated the lease under C.C. 2728,[1] eliminating the need for Continental to notify Leasing Services in writing in order to prevent reconduction of the lease. Continental also claims that the three year liberative prescription of article 3494 bars Starns' attempts to collect alleged arrearages under this lease.
On October 8, 1980, Leasing Services and Continental entered into the two other equipment leases involved in this suit. One lease was for a Ditch Witch R40 trencher with a digging attachment (lease two), and one was for a 1980 Ditch Witch trailer (lease three). The terms of lease two provided for 36 monthly payments of $902.00, with a late charge of $45.00 per month for each payment received more than five days after its due date. Lease three provided for 36 monthly payments of $115.00, with a late charge of $5.75 per month for each payment received more than five days after its due date. Both leases contained provisions for 20% attorney fees. Additionally, Stanley Emmons and Tommy R. Emmons executed surety agreements for the second and third leases.
Continental returned the Ditch Witch and the trailer to Leasing Services on July 5, 1982, terminating leases two and three by plaintiff's own admission. Nevertheless, Leasing Services contends that Continental still owes balances under lease two of $5,698.33 and under lease number three of $1,553.00, plus attorney fees. Continental again pleads the liberative prescription of three years as a bar to Starns' attempt to collect any balances owed Leasing Services under these leases.
The trial court rejected the defendants' exceptions of three years liberative prescription, and the court of appeal affirmed. The appellate court characterized the action stated on the face of the petition as being one in contract and thus subject to the ten year liberative prescription of article 3499. Starns v. Emmons, 524 So.2d 251 (La.App. 5th Cir.1988). This court granted writs to determine whether the three year prescription of article 3494 limits the demands recoverable in a breach of *277 lease action when that action, although timely filed under article 3499 (ten year prescription for a "personal action"), is filed more than three years after the termination of the lease. Starns v. Emmons, 532 So.2d 106 (La.1988). We hold that the three year liberative prescription of article 3494 limits the demands that can be made in a personal action brought more than three years after the cause of action arose. Accordingly, the case is reversed and remanded for further proceedings.

PRESCRIPTION
Article 3499 of the Louisiana Civil Code provides that "[u]nless otherwise provided by legislation, a personal action is subject to a liberative prescription of ten years." (Emphasis added). Comment (b) of that article states that articles 3492-3498 of the Code establish shorter prescriptive periods and that numerous other articles establish longer ones. Article 3494 provides that "an action for arrearages of rent and annuities" is subject to a liberative prescription of three years. Thus, as authorized by the introductory phrase of article 3499, article 3494 constitutes a legislative limitation on the remedies available to a plaintiff who brings certain enumerated personal actions more than three years after the cause of action arose.
The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. Duer & Taylor v. Blanchard, Walker, O'Quin & Roberts, 354 So.2d 192 (La.1978); Federal Insurance Co. v. Insurance Company of North America, 262 La. 509, 263 So.2d 871 (1972); Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957). Both Federal Insurance and Importsales involved parties who were damaged by conduct arising out of contractual relationships. Each plaintiff had a choice between suing in contract or in tort. This court analyzed the allegations in the petitions and the damages sought to determine whether the actions sounded in tort or in contract and what the applicable prescriptive periods were. Similarly, in Duer & Taylor, this court analyzed the nature of the contract at issue before rejecting the plea of a Louisiana law firm that the claim of a New York law firm for professional fees had prescribed. In that case, a New York firm had associated a Louisiana firm to pursue a succession claim for one of its clients. Four years later the New York firm sought its portion of the fee generated. This court held that the relationship between the two firms constituted a special partnership rather than an attorney-client relationship and that it was not subject to the three year liberative prescription applicable to demands for professional fees.
In Shepard Realty Co. v. United Shoe Stores Co., 193 La. 211, 190 So. 383 (1939), a case involving very similar facts and presenting essentially the same issue as the case at bar, this court held that the three year liberative prescription prevented plaintiff Shepard Realty from collecting $130,000.00 of the $149,699.94 it had demanded under a lease contract with United Shoe Stores. The $130,000.00 constituted rent arrearages that had prescribed prior to the action's having been brought. Although barring the plaintiff from recovering the rents, the court carefully noted that the three year liberative prescription did not apply to the other items of the demand, notably the $19,699.94 that represented the "estimated insurance, taxes, etc. payable by the lessee under the terms of the lease, together with the repairs thereon." Id. at 231, 190 So. at 389.
Under this jurisprudence, the character of the action Starns brought on behalf of Leasing Services against the defendants will determine whether all demands sought by that action can be maintained. The plaintiff's original petition sought rent arrearages and accumulated late charges and attorney fees as provided by the lease. The petition also demanded possession of the leased equipment and alleged the personal liability of Stanley Emmons and Tommy Emmons pursuant to the surety agreements executed on leases two and three.
Starns' action on behalf of Leasing Services clearly has its origin in the contracts of lease with Continental. As such, it is subject to article 3499's general liberative prescription of ten years. However, both *278 the original and the supplemental petitions seek recovery of rent arrearages, late charges and attorney fees.[2] Actions seeking to recover rents are subject to the three year liberative prescription of article 3494, the exception recognized in the first phrase of article 3499.
So too are the late charges accrued and the attorney fees incurred in connection with an action to recover rent. Under the terms of all three leases, the late charges are triggered when a payment is not paid within five days after its due date. The leases also provide that the lessee will pay "all costs and expenses incurred by the lessor in exercising any of its rights and remedies hereunder, including reasonable attorney's fees...." Under the terms of these leases, the late charges and the attorney fees incurred as a result of actions to collect rents are triggered only if rents are not paid. As a result, demands for these rent-related items form a part of actions to collect rent arrearages. If the actions to collect the rents have prescribed, so too have any attempts to collect late charges and attorney fees related to those rents.
Starns argues that the inclusion of a demand for rent arrearages in a petition alleging breach of contract does not give the suit the character of an action to recover rent. Instead, he urges that the applicable prescriptive periods depend on the nature of the action as a whole, arguing that because the entire action sounds in contract, the ten year period of article 3499, not the three year prescription of article 3494, should apply.
Such a rationale, however, cannot stand, because it renders article 3494 useless. All of the actions covered by the provisions of that article essentially arise from contractual relationships.[3] Article 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years.
As could the plaintiff in Shepard Realty, Starns may maintain an action arising from the lease on behalf of Leasing Services against the defendants. He may not, however, seek to recover rent arrearages and late charges and attorney fees related to those arrearages under any of the leases that terminated more than three years prior to initiation of this action.

TERMINATION OF LEASES
Leases Two and Three: In his supplemental and amending petition, Starns admits that the return of the Ditch Witch (lease two) and the trailer (lease three) terminated those leases as of July 5, 1982. Accordingly, any action to recover rent arrearages and related charges and fees under leases two and three prescribed on July 5, 1985. Starns' action to recover these items for Leasing Services was not filed until April 16, 1987.
However, Starns claims in his brief that a multiple leases clause in the leases allows Leasing Services to treat the three leases as one. Presumably, if the defendants did not properly terminate lease one, leases two and three likewise were not terminated. Whether such is the case is irrelevant because Starns admitted in his supplemental and amended pleading that *279 leases two and three were terminated in 1982 by the return of the equipment. An admission in a pleading constitutes a judicial confession and is full proof against the party making it. Smith v. Board of Trustees of Louisiana School Employees Retirement System, 398 So.2d 1045, 1047 (La. 1981). Starns cannot now assert in his brief that a multiple leases clause allowing Leasing Services to treat the three leases as one prevented the termination of leases two and three.
Likewise, if prescription bars an action against Continental as the principal obligor, then prescription also bars an action against Continental's sureties. The surety agreements signed by Stanley Emmons and Tommy Emmons in connection with leases two and three expressly state that both defendants signed as sureties for Continental in order to guarantee the full performance of all of Continental's obligations under the leases. A contract that provides security for the performance of an obligation is an accessory contract. C.C. 1913. Suretyship is an accessorial contract. C.C. 3035. Because suretyship is accessorial, the obligation of a surety is extinguished when the principal obligation prescribes. C.C. 3060.[4] Any legal obligation Continental had to pay any rent arrearages prescribed on July 5, 1985. Thus, Starns' action against Stanley Emmons and Tommy Emmons as sureties on leases two and three, insofar as that action is for rent arrearages and related late charges and attorney fees, also prescribed on that day.
Lease One: Unlike the termination date of leases two and three, the termination date of lease one cannot be determined from the record. Defendants claim that the theft of the air compressor from their work site in July 1982 terminated that lease under C.C. 2697, thus extinguishing their obligation to notify Leasing Services in writing of their intent not to renew the lease. Article 2728 provides that a lease is dissolved by the loss of the thing leased. There is no evidence before the court concerning this alleged loss. Nor have the parties developed the record concerning what effect, if any, the multiple leases clause has with respect to the surety agreements incorporated into leases two and three. What is clear is that the air compressor has not been returned. Starns may have an action for possession for the compressor. This court cannot now, however, determine whether rent claims under this lease have prescribed because the record contains neither evidence nor admissions concerning the lease's termination.

DECREE
Accordingly, the judgments of the lower courts are reversed, and there is judgment in favor of Continental Contractors, Inc., Stanley Emmons, and Tommy R. Emmons sustaining their exceptions of prescription to demands for rent arrearages and related late charges and attorney fees under leases two and three. This case is remanded to the trial court for further proceedings not inconsistent with this opinion, with assignment of costs to await final disposition.
NOTES
[1] Article 2728 provides that a lease is dissolved by the loss of the thing leased.
[2] In his brief to this court, Starns argues that his petition alleges breach of many other provisions of the leases "including but not limited to late charges, the lessee's failure to notify the lessor in writing that the lease would not be renewed, reconduction, liability under the signed continuing guaranties on the leases, acceleration, insurance, liens and taxes, loss and damage, default, and the effect of multiple leases." This court's review of the original and supplemental petitions does not support this position.
[3] "Article 3494. Actions subject to a three-year prescription

The following actions are subject to a liberative prescription of three years:
(1) An action for the recovery of compensation for services rendered, including payment of salaries, wages, commissions, tuition fees, professional fees, fees and emoluments of public officials, freight, passage, money, lodging, and board;
(2) An action for arrearages of rent and annuities;
(3) An action on money lent;
(4) An action on open account; and
(5) An action to recover underpayments or overpayments of royalties from the production of minerals, provided that nothing herein applies to any payments, rent, or royalties derived from state-owned properties."
[4] The surety agreements at issue in this case were in effect prior to the recent revisions to the Code's articles concerning suretyship. The revisions did not, however, change the essential nature of suretyship. It remains an accessorial contract whose obligations are dependent upon those of the principal obligation. Compare C.C. 3035 with C.C. 3035 (1870); compare C.C. 3060 with C.C. 3060 (1870). See also Gilbert v. Meriam, 2 La.Ann. 160 (1847); Michelin Tire Co. v. Delcourt, 149 So. 313 (La.App. 1st Cir.1933) (prescription a nonpersonal defense inherent to the debt and can be pleaded by surety).