638 So.2d 1241 (1994)
J.W. WARREN & ASSOCIATES, et al., Plaintiffs-Appellants,
v.
AUDUBON INSURANCE CO., et al., Defendants-Appellees.
No. 93-1650.
Court of Appeal of Louisiana, Third Circuit.
July 6, 1994.
Michael L. Thiel, Hammond, for J.W. Warren & Associates, et al.
Michael J. Juneau, Lafayette, for Audubon Ins. Co., et al.
James W. Schwing, New Iberia, for New Iberia Bank.
Before KNOLL, THIBODEAUX and SAUNDERS, JJ.
KNOLL, Judge.
This appeal concerns the applicable prescriptive period on an action arising out of the failure of Audubon Insurance, Co. (Audubon) to properly pay the proceeds from a fire insurance policy to J.W. Warren & Associates (Warren). New Iberia Bank (Bank) received all of the proceeds and was also named as a defendant. Plaintiffs' suit was dismissed on a preemptory exception of prescription after the trial court found the 1 year period of LSA-R.S. 22:691F(2) was applicable rather than the 10 year period for an action sounding in contract. We affirm.

FACTS
On April 11, 1980, Audubon issued a fire insurance policy in favor of Warren covering a building owned by Warren. On December 16, 1980, the building caught fire and the damages exceeded the policy limits of $30,000. On March 26, 1981, Audubon issued a check payable to Warren and New Iberia Bank, which held a mortgage on the destroyed building and was a named loss payee under the policy. The check was mailed directly to the Bank. On receiving the check, the Bank first applied approximately $13,770 to the outstanding debt covered by the mortgage; without Warren's authorization, the Bank then applied the remaining *1242 $16,230 to other outstanding loans the Bank had made to Warren. On December 18, 1990, Warren filed this suit naming Audubon and the Bank as defendants. The petition alleged Audubon breached the insurance contract by not delivering the proceeds to Warren. The petition also alleged the Bank breached its fiduciary duty to Warren by applying the insurance proceeds to outstanding loans.
The exception of prescription was first heard on March 26, 1993. At this hearing, the trial court overruled the exception finding Warren had stated an action in contract, and thus a 10 year prescriptive period applied. At a second hearing on this issue, on June 25, 1993, the trial court in reversing its original ruling, held the claim against Audubon was controlled by the 1 year period found in LSA-R.S. 22:691, thus, the action had prescribed. The trial court also held the action against the Bank was in the nature of conversion and had likewise prescribed. Warren brings this appeal claiming the trial court erred.

PRESCRIPTION
The central issue is whether the 10 year prescriptive period for breach of contract under LSA-C.C. Art. 3499 should apply, or whether the 1 year period under LSA-R.S. 22:691 is applicable.[1] We begin by noting that the character of an action disclosed in the pleadings determines the prescriptive period applicable to that action. Starns v. Emmons, 538 So.2d 275 (La.1989). In Starns, the plaintiff was suing to enforce rent arrearages and other rights arising from the breach of a lease. The issue was whether the claim for rent arrearages should be characterized as a breach of contract action or an action to recover unpaid rents; the latter being governed by the 3 year prescriptive period of LSA-C.C. Art. 3494. The plaintiff contended that because his suit combined an action to recover rents with an action to enforce other contractual rights, the action as a whole should be governed by the 10 year prescriptive period. The Supreme Court, in rejecting this rationale, noted that all of the actions covered by the 3 year prescriptive period of Article 3494 essentially arise from contractual relationships. To allow the plaintiff's suit on rents to be governed by the general 10 year prescriptive period of Article 3499 would render Article 3494 useless.
Applying these concepts to the case sub judice, if Warren's action is, in essence, one to recover insurance proceeds, the action is governed by the 1 year prescriptive period of R.S. 22:961. To make this determination, we turn to Warren's petition, the pertinent parts of which are reproduced below.
9.
The amount of the insurance draft ($30,000.00) less the amount of the outstanding loans ($16,230.00) left a net amount of Thirteen Thousand Seven Hundred and Seventy Dollars owed to J.W. Dupree[2] and/or J. Warren and Associates, Inc. The petitioner, however, did not receive the balance.
10.
By failing to deliver the proceeds of the policy to J.W. Dupree and/or J. Warren and Associates, the defendant, Audubon Insurance Company, breached its contract and is liable to petitioner for all the damages which petitioner suffered as result of said breach.
11.
In the alternative, petitioner asserts that there was a breach of a fiduciary agreement between himself and New Iberia Bank in that the bank deposited and then inappropriately distributed funds from the Audubon Insurance Company draft without the signature of the petitioner or an *1243 authorized agent of J. Warren and Associates, Inc.
12.
As a result of the breach of contract, petitioner has been damaged to the extent that the insurer forwarded the claim proceeds to New Iberia Bank where the funds were inappropriately applied, without the consent of J.S. Dupree or an authorized agent of J. Warren and Associates, Inc. to outstanding loans held by New Iberia Bank. The damages to be proven at trial together with legal interest thereon from date of judicial demand until paid.
By making reference to "proceeds of the policy", "funds from the ... draft", and "the claimed proceeds", Warren's petition clearly indicates the objective of the lawsuit is to recover proceeds from an insurance policy. Like the Supreme Court in Starns, this court may not mechanically apply the 10 year prescriptive period of Article 3499 simply because the action has its origins in a contractual relationship. To do so would surely render R.S. 22:691 meaningless since all suits for insurance proceeds arise out of an insurance contract. Therefore, when a plaintiff's petition is essentially one for the recovery of proceeds on an insurance policy, the action is governed by the 1 year prescriptive period of R.S. 22:691. Since the inception of the loss was on December 16, 1980, and suit was not filed until December 18, 1990, the exception of prescription was properly sustained. The judgment of the trial court was correct.
In pursuing his claim against the Bank, Warren argues its action is grounded in a breach of fiduciary duty. The plaintiff cites Levy v. Billeaud, 443 So.2d 539 (La. 1983) for the proposition that such an action is governed by the 10 year prescriptive period of C.C. Art. 3499. However, other than the single allegation in brief that the bank was the agent of Warren, Warren has shown no facts giving rise to a fiduciary duty.
Ordinarily, a bank and depositor have a debtor-creditor relationship with no independent duty of care imposed on the bank. Rather, special circumstances must exist before a special duty arises. Greene v. Gulf Coast Bank, 593 So.2d 630, 632 (La.1992). The sparse record before us contains little evidence concerning the relationship between the Bank and Warren. While we can glean that the Bank was a mortgagee of certain property owned by Warren and that the Bank made other loans to Warren, we have no further details of their business dealings. Under this record we cannot find the Bank had a fiduciary relationship with Warren.
We find, as the trial court found, that Warren's action against the Bank was in the nature of an action in conversion. As such an action is governed by a 1 year prescriptive period, the action is now prescribed. Since we find that Warren's action has prescribed, we pretermit all remaining issues.

CONCLUSION
Finding neither Warren's action against Audubon or its action against the Bank sounds in contract, these actions are not governed by the 10 year prescriptive period of Article 3499 and have prescribed. The judgment of the trial court is affirmed. Costs of this appeal are assessed to the plaintiff, J.W. Warren.
AFFIRMED.
NOTES
[1] R.S. 22:691(F) is the "standard fire insurance policy of the State of Louisiana". It provides, in part, that no suit may be brought "for the recovery of any claim ... unless commenced within twelve months next after the inception of the loss."
[2] J.W. Dupree was the officer and a shareholder of J. Warren and Associates through which the suit was originally brought. While originally named as a plaintiff, Mr. Dupree was later dismissed from the suit on his own motion, leaving only J. Warren and Associates as a plaintiff.