JOHNSON, J.,
dissents with reasons.
|TI respectfully dissent from the majority. I disagree that this matter needs to be remanded for an evidentiary hearing on the issue of whether the agreement between the parties was an open account or a contract. To the contrary, I believe we can and should review the merits of Plaintiffs appeal on the record before us.
*395 The issue before us in this appeal is whether the trial court's sustaining of Defendants' exception of prescription, which dismissed all of Plaintiffs claims, was correct, As noted by the majority, Plaintiffs petition stated a cause of action for an open account, which is subject to a three-year prescriptive period, and, alternatively, a breach of contract, which is subject to a 10-year, prescriptive period. , During the hearing on the exception of prescription, the parties argued the two' different prescriptive periods and the nature of the claims asserted in the petition. In sustain~ big Defendants' exception of prescription, the trial court neces~árily determined that the nature of Plaintiffs claims wa~ for an open account as opposed to a' breach of contract. Otherwise, the trial court would not have dismissed Plaintiff~ claims because they would still be viable because of the 10-year breach of contract prescriptive period. Thus, `I disagree that the trial court did not make any factual finding as toJ~whether Plaintiffs claim was one for an open account or for breach of contract.
The majority states that it is "impossible for this court to determine whether the trial court erred in granting the exception" and finds a remand is necessary "for the purpose of receiving evidence on the issue of whether the agreement between the parties was an open account or a contract," I completely disagree and question the authority for remanding the matter for the receipt of evidence.
"The character of an action disclosed in the pleadings determines the prescriptive period applicable to that action." Eastern Solutions, Inc. v. Al-Fouzan, 12-464 (La.App. 3 Cir. 11/7/12); 103 So.3d 1190, 1193, writ denied, 12-2623 (La.2013); 105 So.3d 721, quoting Starns v. Emmons, 538 So.2d 275, 277 (La.1989). Evidence may be introduced to support or controvert an exception of prescription-it is not required. In this case, neither party introduced any evidence at the exception hearing. Thus, the determination of whether the matter was prescribed was to be determined by the allegations of the petition, which are accepted as true. Accordingly, I do not believe it i~ impossible for this court to determine whether the trial court erred in sustaining the exception of prescription. As such, I do not believe a remand is necessary and would address the merits of this appeal.