STATE OF LOUISIANA

COURT OF APPEAL

FIRST CIRCUIT

* * * * * * *

2021 CA 0080

STATE OF LOUISIANA, *EX REL.* JUSTIN DALE TUREAU

VERSUS

BEPCO, L.P., BOPCO, LLC, CHEVRON U.S.A. INC., CHISOLM TRAIL
VENTURES, L.P., AND HESS CORPORATION, A DELAWARE
CORPORATION

JUDGMENT RENDERED: **MAY 1 9 2021**

* * * * * * *

Appealed from the
Nineteenth Judicial District Court
In and for the Parish of East Baton Rouge • State of Louisiana
Docket Number C661482 • Section 22

The Honorable Timothy E. Kelley, Judge Presiding

* * * * * * *

| | |
|---|---|
| Victor L. Marcello; Donald T. Carmouche; John H. Carmouche; William R. Coenen, III; Brian T. Carmouche; Todd J. Wimberley; Ross J. Donnes; D. Adele Owen; Leah C. Poole; Caroline H. Martin; Christopher D. Martin; and Michael L. Heaton Baton Rouge, Louisiana *and* Jerold Edward Knoll, Sr. Marksville, Louisiana | COUNSEL FOR APPELLANT PLAINTIFF— Justin Dale Tureau |
| Loulan J. Pitre, Jr.; Aimee Williams Hebert; and Jane A. Jackson New Orleans, Louisiana | COUNSEL FOR APPELLEES DEFENDANTS—Chisolm Trail Ventures, L.P., and BEPCO, L.P. |
| Michael R. Phillips; Claire E. Juneau; and Claudia Carrizales New Orleans, Louisiana *and* L. Victor Gregoire; Richard D. McConnell, Jr.; and John C. Funderbunk Baton Rouge, Louisiana | COUNSEL FOR APPELLEE DEFENDANT—Chevron U.S.A., Inc. |
| Jonathan A. Hunter; Robert B. McNeal; Elizabeth S. Wheeler; Kelly Bretchtel Becker; and Erin E. Bambrick New Orleans, Louisiana | COUNSEL FOR APPELLEE DEFENDANT—Hess Corporation |
| Michael P. Cash Houston, Texas *and* Jamie D. Rhymes and Hunter A. Chauvin Lafayette, Louisiana | COUNSEL FOR APPELLEE DEFENDANT—BOPCO, LLC |

* * * * * * *

BEFORE: WHIPPLE, C.J., WELCH, AND CHUTZ, JJ.

**WELCH, J.**

The plaintiff, Justin Dale Tureau, appeals a judgment sustaining the peremptory exception raising the objection of prescription filed by defendants, BEPCO, L.P. ("BEPCO"); BOPCO, L.P. ("BOPCO"); and Chisholm Trail Ventures, L.P. ("Chisholm") (collectively "the off-tract defendants"), and dismissing those defendants from the plaintiff's suit, which sought regulatory compliance and injunctive relief requiring the off-tract defendants, among others, to remediate contamination they allegedly caused to the plaintiff's property by their oil and gas exploration and production activities. For reasons that follow, we reverse the judgment of the trial court and remand this matter with instructions for further proceedings.

## LEGAL BACKGROUND

Article IX, § 1 of the Louisiana Constitution provides that "[t]he natural resources of the state, including air and water, and the healthful, scenic, historic, and esthetic quality of the environment shall be protected, conserved, and replenished insofar as possible and consistent with the health, safety, and welfare of the people." This article further provides that "[t]he legislature shall enact laws to implement this policy." As set forth in La. R.S. 30:29, the legislature explained that this constitutional article required it to "set forth procedures to ensure that damage to the environment is remediated to a standard that protects the public interest."

Pursuant to this constitutional authority, the legislature created the Department of Conservation (sometimes referred to as "the Office of Conservation"), which is directed and controlled by the Commissioner of Conservation ("the Commissioner") to oversee the conservation of Louisiana's natural resources. The Department of Conservation has jurisdiction over the disposal of any waste products into the subsurface by means of a disposal well and

2

the regulation of all surface and storage waste facilities incidental to oil and gas exploration and production. La. R.S. 30:1. The Commissioner has jurisdiction and authority over all persons and property necessary to effectively enforce that with which he is tasked with overseeing and the laws relating to the conservation of oil or gas. See La. R.S. 30:4. The Commissioner's jurisdiction and authority specifically includes the power to make inquiries to determine whether or not waste exists or is imminent and to make reasonable rules, regulations, and orders that are necessary to properly administer his office and to enforce the conservation of natural resources. *Id.*

Pursuant to this statutory authority, Statewide Order 29-B, which is set forth in L.A.C. 43:XIX.101, *et seq.*, was promulgated. Statewide Order 29-B sets forth specific requirements for the plugging and abandonment of wells; the operation and closure of oilfield pits; the operation of wells and related surface facilities; the storage, treatment, and disposal of non-hazardous waste; the remediation of various contaminants; and the general operating requirements for oil and gas facilities. See L.A.C. 43:XIX.101, *et seq.*

Louisiana Revised Statutes 30:14 provides:

> Whenever it appears that a person is violating or is threatening to violate a law of this state with respect to the conservation of oil or gas, or both, or a provision of this Chapter, or a rule, regulation, or order made thereunder, the [C]ommissioner shall bring suit to restrain that person from continuing the violation or from carrying out the threat.

> \* \* \*

> In this suit, the [C]ommissioner may obtain injunctions, prohibitory and mandatory, including temporary restraining orders and preliminary injunctions, as the facts warrant, including, when appropriate, injunctions restraining a person from moving or disposing of illegal oil, illegal gas, or an illegal product. ...

Further, La. R.S. 30:16 provides:

> If the [C]ommissioner fails to bring suit within ten days to restrain a violation as provided in R.S. 30:14, any person in interest adversely

3

affected by the violation who has notified the [C]ommissioner in writing of the violation or threat thereof and has requested the [C]ommissioner to sue, may bring suit to prevent any or further violations, in the district court of any parish in which the [C]ommissioner could have brought suit. If the court holds that injunctive relief should be granted, the [C]ommissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the [C]ommissioner had at all times been the complaining party.

## FACTUAL AND PROCEDURAL BACKGROUND

On September 14, 2017, the plaintiff commenced these proceedings by filing a petition for injunctive relief and for costs and attorney's fees. Named as defendants were BEPCO; BOPCO; Chisholm; Chevron U.S.A. Inc. ("Chevron"); and Hess Corporation, A Delaware Corporation ("Hess").[1] According to the allegations of the petition, the plaintiff is the owner of property located in the Eola Oil & Gas Field in Avoyelles Parish, Louisiana.[2] He alleged that Chevron and Hess drilled and operated numerous oil and gas wells on his property, which included the construction and use of unlined earthen pits that have never been closed or have not been closed in conformance with Louisiana's environmental laws and regulations, particularly Statewide Order 29-B, L.A.C. 43:XIX.101, *et seq*. The plaintiff further alleged that BEPCO, BOPCO and Chisholm drilled and operated numerous oil and gas wells on adjacent property that caused

---

[1] Shortly after the plaintiff's petition was filed, it was removed from state district court to federal district court on the basis of diversity jurisdiction. However, the federal district court subsequently remanded the matter back to state district court because the federal district court abstained from exercising its jurisdiction based on **Burford v. Sun Oil Co.**, 319 U.S. 315, 333-334, 63 S.Ct. 1098, 87 L.Ed. 1424 (1943)("the **Burford** abstention"). See **Tureau v. BEPCO, L.P.**, 404 F.Supp.3d 993, 1002-1003 (W.D. La. 2019).

[2] In the plaintiff's petition, the property was more particularly described as:

Tureau Tract 1: 120 acres, more or less, lying North and West of the Union Pacific Railroad, located in Section 6, Township 2 South, Range 3 East, Avoyelles Parish; and

Tureau Tract 2: A certain tract or parcel of land, with all improvements thereon containing 40.87 acres, more or less, situated, lying and being in Irregular Section 1, T2S, R2E, Tenth Ward of Avoyelles Parish, Louisiana, bounded North by Herbert Beverly and Thomas Robert Frank, South by Dr. Calvin W. Hoffpauir and Thomas Robert Frank, East by Glaze Property and West by Bayou Boeuf.

contamination of his property in violation of Statewide Order 29-B, among other regulations and statutes.

The plaintiff attached copies of two letters to his petition. In the first letter, dated August 31, 2016, the plaintiff provided the Commissioner with formal notice of the above alleged violations and stated that if the Commissioner did not file suit under La. R.S. 30:14 within ten days, then he would sue the responsible parties for injunctive relief pursuant to La. R.S. 30:16. In the second letter, dated September 27, 2016, the plaintiff reiterated to the Commissioner his intention to file suit if the Commissioner failed to do so. The Commissioner failed to take action pursuant to these letters. Therefore, the plaintiff commenced these proceedings, seeking the relief set forth in La. R.S. 30:14 and 30:16, *i.e.*, mandatory and prohibitory injunctive relief in favor of the State of Louisiana and the Commissioner ordering all named defendants to remediate the contamination on the plaintiff's property caused by the defendants' oil and gas exploration and production activities to a level that complied with the applicable regulations and orders, including Statewide Order 29-B and restraining all named defendants from further violating, or threatening to violate, applicable regulations and orders, including Statewide Order 29-B.

The off-tract defendants initially responded to the plaintiff's petition by filing a peremptory exception raising the objection of no cause of action and a dilatory exception raising the objection of prematurity, essentially arguing that the plaintiff failed to identify or reference the off-tract defendants or the adjacent property in his pre-suit notice letter to the Commissioner and that he failed to provide the Commissioner with information sufficient to identify the off-tract defendants as alleged violators of any applicable regulation or orders. Pursuant to a judgment signed by the district court on January 3, 2020, the exceptions were sustained and the plaintiff was granted sixty days to amend his petition to remove

5

the grounds for the exceptions. On February 13, 2020, the plaintiff filed a supplemental and amending petition to include the additional factual allegations, as well as a new pre-suit letter to the Commissioner dated January 6, 2020.

In response to the plaintiff's supplemental and amending petition, the off-tract defendants filed a peremptory exception raising the objection of prescription, which is at issue in this appeal.[3] Therein, the off-tract defendants argued that the plaintiff's claims against them based on La. R.S. 30:16 were subject to the one-year prescriptive period applicable to delictual actions and that the plaintiff knew of the alleged violations of Statewide Order 29-B by the off-tract defendants in July 2013, when he filed a prior suit seeking damages for the contamination related to the same property. Thus, the off-tract defendants contended that the plaintiff's claims herein were prescribed because the suit was filed on September 14, 2017—more than four years after the plaintiff knew of the alleged violations and that the plaintiff's claims against them should be dismissed. In addition, BEPCO and BOPCO asserted the peremptory exception raising the objection of no cause of action, asserting that the plaintiff failed to allege that either BEPCO or BOPCO were successors to entities that conducted operations on the tract adjacent to the plaintiff's property, and therefore, the plaintiff failed to allege that BEPCO or BOPCO violated any applicable rules or regulations.

---

[3] We also note that in response to the plaintiff's petition, Chevron and Hess each filed a peremptory exception raising the objections of *res judicata* and prescription. In connection therewith, the district court signed two separate judgments—one on January 3, 2020 in favor of Hess and one on January 13, 2020 in favor of Chevron—sustaining the objections of *res judicata*, dismissing the plaintiff's claims against each of those defendants, and denying the objection of prescription as moot. The plaintiff has separately appealed those judgments and that appeal is currently pending before another panel of this Court under docket number 2020-CA-0595. There are no issues relating to Hess or Chevron in this appeal.

In opposition to the off-tract defendants' objection of prescription, the plaintiff argued that his claims based on La. R.S. 30:16 were not prescribed because the legislature had failed to enact a prescriptive period applicable to such claims and that the jurisprudence of the Louisiana Supreme Court, *i.e.* **Marin v. Exxon Mobil Corp.**, 2009-2368 and 2009-2371 (La. 10/19/10), 48 So.3d 234 and **Eagle Pipe & Supply, Inc. v. Amerada Hess Corp.**, 2010-2267, 2010-2272, 2010-2275, 2010-2279, 2010-2289 (La. 10/25/11), 79 So.3d 246, recognized or affirmed that claims by a "person in interest" under La. R.S. 30:16 were imprescriptible and that the one-year prescriptive period applicable to tort claims was not applicable by analogy to claims based on La. R.S. 30:16. Alternatively, the plaintiffs argued that the off-tract defendants' unremedied past violations of the applicable rules and orders were considered ongoing violations, *i.e.*, a continuing tort, and that since the State of Louisiana, *i.e.*, the Commissioner, is the real party in interest in a suit based on La. R.S. 30:16, prescription does not run against the State of Louisiana.

After a hearing, the district court found no merit to the plaintiff's arguments that the State of Louisiana was the actual party in interest and as such, prescription did not run against the State of Louisiana or that the continuing tort doctrine was applicable. The district court further found that the plaintiff had knowledge of the alleged violations by 2013 and that the one-year prescriptive period was applicable, by analogy, to the plaintiff's claims. Therefore, the trial court concluded that the plaintiff's claims were prescribed and sustained the off-tract defendants' objection of prescription. On October 13, 2020, the district court signed a judgment sustaining the off-tract defendants' objection of prescription, dismissing the plaintiff's claims against the off-tract defendants, and denying, as moot, the objection of no cause of action filed by BEPCO and BOPCO. From this judgment, the plaintiff has appealed.

7

# LAW AND DISCUSSION

## Standard of Review

Generally, the district court's factual findings on a peremptory exception raising the objection of prescription, such as the date on which prescription begins to run, are reviewed on appeal under the manifest error-clearly wrong standard of review. **McKenzie v. Imperial Fire and Cas. Ins. Co.**, 2012-1648 (La. App. 1st Cir. 7/30/13), 122 So.3d 42, 46, writ denied, 2013-2066 (La. 12/6/13), 129 So.3d 534. However, in this case, the issue of whether the plaintiff's action under La. R.S. 30:16 was prescribed hinges on whether his action is subject to the one-year prescriptive period applicable to delictual actions, as set forth in La. C.C. arts. 3492 and 3493. As such, this case involves a question of law, which is reviewed on appeal *de novo*. See **McKenzie**, 122 So.3d at 46. Therefore, on review, this court must simply determine whether the trial court was legally correct or legally incorrect in its application of La. C.C. arts. 3492 and 3493 to the plaintiff's claims based on La. R.S. 30:16 and in its concomitant conclusion that the plaintiff's claims against the off-tract defendants were prescribed.

## Prescription

Liberative prescription is a mode of barring of actions as a result of inaction for a period of time. La. C.C. art. 3447. The character of an action disclosed in the pleadings determines the liberative prescription period applicable to that action. **Starns v. Emmons**, 538 So.2d 275, 277 (La. 1989). However, there is no prescription other than that established by legislation. La. C.C. art. 3457. Prescription is *stricti juris* and the statutes on the subject cannot be extended from one action to another, nor to analogous cases beyond the strict letter of the law. **Bunge Corp. v. GATX Corp.**, 557 So.2d 1376, 1380 (La. 1990).

As set forth above, the plaintiff's action herein is for injunctive relief pursuant to La. R.S. 30:16, and such suit is premised on the Commissioner's

failure to bring suit pursuant to La. R.S. 30:14 to enjoin the off-tract defendants' alleged violations of Statewide Order 29-B. There is no dispute that the legislature has not enacted a specific liberative prescription statute applicable to claims brought pursuant to La. R.S. 30:16 (or to the Commissioner's suit brought pursuant to La. R.S. 30:14). See La. R.S. 30:14 and 30:16; La. C.C. arts. 3492-3502. There being no specific applicable prescriptive period, the off-tract defendants contend, and the trial court found, that such claims are, by analogy, subject to the one-year liberative prescription period applicable to delictual actions. We disagree.

Louisiana Civil Code article 3492 provides, in pertinent part, that "[d]elictual actions are subject to a liberative prescription of one year. This prescription commences to run from the day injury or damage is sustained." However, "[w]hen damage is caused to immovable property, the one year prescription commences to run from the day the owner of the immovable acquired, or should have acquired, knowledge of the damage." La. C.C. art. 3493. Thus, this one-year prescription applicable to *claims for damage* to immovable property is triggered by actual or constructive knowledge of damage. **Hogg v. Chevron USA, Inc.,** 2009-2632 (La. 7/6/10), 45 So.3d 991, 997.

In arguing that this prescriptive period is applicable to the plaintiff's claims based on La. R.S. 30:16, the off-tract defendants maintain that the plaintiff's claims are based on alleged regulatory violations that caused damage to his property, which is akin to a delictual action for damages. In making this argument, the off-tract defendants rely on several cases that applied the one-year prescriptive period applicable to delictual actions to actions involving environmental damage to property: **Dean v. Hercules, Inc.,** 328 So.2d 69 (La. 1976) (where owner of tract of land brought claim for damages based on La. C.C. art. 667 against neighboring chemical plant for chemical emissions that killed or adversely affected trees on his land, the one-year prescriptive period for delictual actions was applicable to the

9

claim); **Daigle v. Cimarex Energy Co.**, 333 F.Supp.3d 604 (W.D. La. 2018) (where surface landowner brought claim against oil and gas production company for damages and injunctive relief for remediation of contamination caused by oil and gas production company under La. R.S. 30:2026 (the citizen suit provisions of the Louisiana Environmental Quality Act ("LEQA"), La. R.S. 30:2001, *et seq.*), the claim was akin to a tort based claim, and thus, subject to the one-year prescriptive period pursuant to La. C.C. arts. 3492 and 3493); **Morris & Dickson Co., Inc. v. Jones Brothers Co. Inc.**, 29,379 (La. App. 2nd Cir. 4/11/97), 691 So.2d 882, writ denied, 97-1259 (La. 9/5/97), 700 So.2d 509 (in landowner's suit against defendant for leaking underground gasoline storage tank which sought damages for breach of contract and attorney's fees under La. R.S. 30:2026 (the citizen suit provisions of LEQA), the claim for attorney fees was prescribed under the one-year prescriptive period applicable to torts); and **Louisiana Dept. of Transp. and Development v. Kansas City Southern Ry. Co.**, 2002-2349 (La. 5/20/03), 846 So.2d 734, 741 ("Like conventional tort cases, environmental law statutory remedies involve claims to recover damages for harm caused by a defendant's acts.").

However, in each of those cited cases, the claims against the defendants included claims for damages, and thus, those claims were properly considered to be delictual in nature and the one-year prescriptive period was properly applicable. In this case, while the plaintiff's petition alleges that his property was damaged by the off-tract defendants, *the plaintiff does not seek to recover any damages for that alleged environmental damage.* Rather, the plaintiff seeks injunctive relief and the administrative enforcement of Statewide Order 29-B based on the Commissioner's failure to seek such relief.

In further examining the nature of the plaintiff's suit herein pursuant to La. R.S. 30:16, we again point out that the legislature, pursuant to its constitutional

mandate to enact laws to protect, conserve, and replenish the environment and natural resources of Louisiana, created the Department of Conservation. The legislature also provided that the Department be directed and controlled by the Commissioner and provided them with the authority to promulgate rules and regulations, which was exercised when Statewide Order 29-B was promulgated. Further, not only did the legislature mandate, in La. R.S. 30:14, that the Commissioner bring suits to enjoin violations of conservation law, orders, rules, and regulations, such as Statewide Order 29-B, but also allowed for persons "adversely affected" by such violations to bring suit when the Commissioner fails to timely do so after having been given appropriate notice. See La .R.S. 30:16. When an adversely affected person brings a La. R.S. 30:16 claim, that person is effectively acting in the place of the Commissioner. Such a person cannot directly receive relief under the statutory scheme because whenever a suit is found to merit relief, "the [C]ommissioner shall be made a party and shall be substituted for the person who brought the suit and the injunction shall be issued as if the [C]ommissioner had at all times been the complaining party." La. R.S. 30:16. In essence, the legislature created a statutory scheme whereby persons who are adversely affected by violations of conservation laws, rules, orders, or regulations and who have satisfied the necessary requirements, can initiate administrative enforcement suits. Therefore, we must conclude that, as administrative enforcement suits, actions brought pursuant to La. R.S. 30:16 are not subject to the one-year liberative prescriptive period for delictual actions.

Our conclusion in this regard is bolstered by statements made by the Louisiana Supreme Court in **Marin** and **Eagle Pipe & Supply, Inc.** In **Marin**, 48 So.3d at 255-256, the Court found that the plaintiff's delictual action for property damages for remediation of contamination was prescribed and further, that the

11

continuing tort doctrine was not applicable. However, in doing so, the Court stated:

> We note that one of the reasons we granted this writ was to determine whether a subsequent purchaser has the right to sue for property damages that occurred before he purchased the property, particularly where the damage was not overt. However, we need not reach that determination in this case because, assuming the [plaintiffs] had a right as a subsequent purchaser to sue in tort for property damage, that right has prescribed. *Further, we note that regardless of who has standing to pursue claims for money damages, the current owner of property always has the right to seek a regulatory cleanup of a contaminated site.* La. R.S. 30:6(F); La. R.S. 30:16.

**Marin**, 48 So.3d at 256 n.18.

In **Eagle Pipe & Supply**, 79 So.3d at 251, the Court held that a landowner, who discovered after the purchase of the land that it had been contaminated by an oil and trucking company prior to the sale, had no right to sue the oil and trucking company for that non-apparent property damage absent an assignment or subrogation of that right by the previous landowner. In doing so, the Court also discussed the legislative choices reflected in prescription laws that may bar a landowner's claim for monetary damages for contamination that occurred in the past and stated:

> We are not unaware of the effects which the rules of discovery and prescription will have on certain fact situations under this analysis, especially where the damage to property occurred in the distant past, where property rapidly changes hands, or where ancestors in title are non-existent. We find the rules of discovery and prescription are deliberate legislative choices which ultimately limit otherwise imprescriptible torts and which maintain certainty in transactions involving immovable property. The legislature, if it chose, could have created a right of action to seek damages against tortfeasors for damage to property which affects current property owners no matter when the damage occurred, or could have made an exception to prescription rules for long-term contamination of property. But such legislation has not been enacted. *Instead, the legislature has decided the only addition to current legal remedies is a mechanism for remediating the property.*

**Eagle Pipe & Supply Inc.**, 79 So.3d at 276. (Emphasis added; footnotes omitted).

The Court then identified La. R.S. 30:16 as one such a remedy for remediating the

12

property. **Eagle Pipe & Supply Inc.**, 79 So.3d at 276 n.71. From these statements, it is apparent that the Louisiana Supreme Court does not consider actions brought pursuant to La. R.S. 30:16 to be delictual actions for damages or that such actions are subject to the one-year liberative prescription period applicable to delictual actions.

Therefore, for all of the above and foregoing reasons, we find that the plaintiff's claims herein against the off-tract defendants for injunction and the administrative enforcement of Statewide Order 29-B are not subject to the one-year liberative prescription period applicable to delictual actions and that the district court erred in concluding otherwise.[4]

Lastly, we note that in the October 13, 2020 judgment of the district court, since the peremptory exception raising the objection of prescription was sustained and the plaintiff's claims against the off-tract defendants dismissed, the district court denied, as moot, the peremptory exception raising the objection of no cause of action filed by BEPCO and BOPCO. However, as we have reversed herein the district court's ruling on the objection of prescription, the objection of no cause of action is now ripe for judicial determination. Therefore, we remand this matter to the district court with instructions that it consider and rule on the objection of no cause of action filed by BEPCO and BOPCO.

**CONCLUSION**

For all of the above and foregoing reasons, the October 13, 2020 judgment of the district court is reversed, and this matter is remanded for further proceedings consistent with the views expressed in this opinion. All costs of this appeal are assessed to the defendants, BEPCO, L.P.; BOPCO, LLC; and Chisholm Trail

---

[4] We note that the only issue before the district court and this Court was whether the plaintiff's claims were prescribed subject to the one-year liberative prescription period applicable to delictual actions. Other than our determination herein that such claims were not subject to the one-year liberative prescription period applicable to delictual actions, we express no opinion as to what liberative prescription period, if any, is applicable.

Ventures, L.P.

**REVERSED AND REMANDED WITH INSTRUCTIONS.**