PER CURIAM.*
|)In these consolidated applications, defendant, MedSouth Record Management, LLC, seeks review of the district court’s rulings on various exceptions, as well as on discovery matters. For the reasons that follow, we reverse the judgment of the district court denying defendant’s exception of no cause of action, and therefore pretermit discussion of the remaining assignments of error.
In 2008, plaintiff filed the instant suit against defendant, alleging he “suffered damage and loss as the direct result of the negligent and tortious conduct” based on defendant’s alleged “negligent failure to follow the statutory limitations of La. R.S. 40:1299.96(A)(2)(b),” by charging plaintiffs attorney a fee for obtaining certification of medical records requested in 2005 and 2006.
In response to plaintiffs suit, defendant filed an exception of prescription. The district court granted that exception, thereby dismissing plaintiffs tort claims. That judgment is now final.
Plaintiff then amended his petition to allege defendant was unjustly enriched, pursuant to La. Civ.Code art. 2298, in charging fees that were not statutorily authorized. In response to the amended petition, defendant filed various exceptions, ^including an exception of no cause of action. The district court denied defendant’s exceptions, and the court of appeal denied supervisory relief. Defendant then sought review in this court.
Pursuant to La. Civ.Code art. 2298, the remedy of unjust enrichment is subsidiary in nature, and “shall not be available if the law provides another remedy.” See Carriere v. Bank of Louisiana, 95-3058, p. 17 (La.12/13/96), 702 So.2d 648, 671 (on rehearing). The unjust enrichment remedy is “only applicable to fill a gap in the law where no express remedy is provided.” Mouton v. State, 525 So.2d 1136, 1142 (La.App. 1st Cir.1988), writ denied, 526 So.2d 1112 (La.1988).
In the instant case, plaintiffs original petition alleges he suffered harm as a “direct result of the negligent and tortious conduct” of defendant. Having pled a del-ictual action, we find plaintiff is precluded from seeking to recover under unjust enrichment. See Gallant Investments, Ltd. v. Illinois Central R. Co., 08-1404, p. 9 (La.App. 1 Cir. 2/18/09), 7 So.3d 12, 18 (“we conclude that any equitable action for unjust enrichment is precluded by the availability of the unambiguously-pleaded delictual action”).
Moreover, we find it of no moment that plaintiffs tort claims have been held to be prescribed. The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment. See Jim Walter Homes v. Jessen, 98-1685, p. 13 (La.App. 3 Cir. 3/31/99), 732 So.2d 699, 706 (“[t]o find that Jim Walter Homes now has no other remedy and to provide it one under unjust enrichment would be tantamount to allowing any plaintiff who let his cause of action prescribe, or any plaintiff who knowingly wrote a bad contract, to recover under an enrichment theory”).
Because the law provided plaintiff with another remedy, we find he has failed to state a cause of action in unjust enrichment. Therefore, we find the district *245 court | serred in denying defendant’s exception of no cause of action.
Accordingly, the writ is granted in part. The judgment of the district court is reversed, and the exception of no cause of action is granted. Because the grounds of this objection cannot be removed through amendment of the petition, it is ordered that plaintiffs suit be dismissed with prejudice. La.Code Civ. P. art. 934. In light of this holding, the remaining issues presented by defendant’s applications are rendered moot, and the writ applications are therefore denied as moot in all other respects.

 Chief Justice Kimball not participating in this opinion.