# STATE OF LOUISIANA
## COURT OF APPEAL, THIRD CIRCUIT

## 18-96

RANDY LEBLANC

VERSUS

**FRED ALAN THIBODEAUX, ET AL.**

\*\*\*\*\*\*\*\*\*\*

APPEAL FROM THE
SIXTEENTH JUDICIAL DISTRICT COURT
PARISH OF ST. MARTIN, NO. 82107, DIVISION "E"
HONORABLE KEITH RAYNE JULES COMEAUX, DISTRICT JUDGE

\*\*\*\*\*\*\*\*\*\*

## ULYSSES GENE THIBODEAUX
## CHIEF JUDGE

\*\*\*\*\*\*\*\*\*\*

Court composed of Ulysses Gene Thibodeaux, Chief Judge, Phyllis M. Keaty, and Candyce G. Perret, Judges.

**AFFIRMED.**

**Jacques P. Soileau**
**Soileau & Soileau**
**219 W. Bridge Street**
**Breaux Bridge, LA 70517**
**Telephone: (337) 332-4561**
**COUNSEL FOR:**
    **Defendants/Appellees – Fred Alan Thibodeaux and Virginia**
    **Thibodeaux**

**Harold D. Register, III**
**P. O. Box 2473**
**Lafayette, LA 70501**
**Telephone: (337) 291-2431**
**COUNSEL FOR:**
    **Plaintiff/Appellant – Randy LeBlanc**

**THIBODEAUX, Chief Judge.**

The plaintiff, Randy LeBlanc, appeals the judgment of the trial court granting an exception of prescription in favor of the defendants, Fred and Virginia Thibodeaux (Thibodeaux), in a dispute over an aborted business deal. Mr. LeBlanc alleges a ten-year prescription based on detrimental reliance and unjust enrichment, while Thibodeaux asserts a liberative prescription of three years arguing a claim for money owed. Finding no manifest error on the part of the trial judge, we affirm the judgment.

I.

**ISSUES**

We must decide whether the trial court was manifestly erroneous in finding that the plaintiff's action against the defendants had prescribed and in dismissing the plaintiff's suit.

II.

**FACTS AND PROCEDURAL HISTORY**

Virginia Thibodeaux owned a business called Country Windshields in Arnaudville, Louisiana. Her husband, Fred Thibodeaux, described himself as the shop foreman. Randy LeBlanc apparently owned LeBlanc's Automotive and Glass LLC in Lafayette. In February 2009, Randy LeBlanc and Fred Thibodeaux discussed the sale of Thibodeaux's windshield business to LeBlanc. Mr. LeBlanc alleges that the parties reached an agreement on an installment-type sale of the building for $3,000 per month for twelve years. Mr. Thibodeaux states that he and Mr. LeBlanc discussed $3,000 per month, but only as an estimate; that Mr. LeBlanc

was in a hurry for some reason; that he (Mr. Thibodeaux) was not ready to finalize a contract to sell; that he had not "spoken to the boss" (Virginia Thibodeaux); and that negotiations were ongoing when the parties reached an impasse in May of 2009. It is undisputed that Mr. LeBlanc never paid any installments or monthly payments to Thibodeaux. Mr. Thibodeaux testified that there were never any signed papers; and that there was no agreement, no contract, and nothing final between them regarding a sale. The record contains no written contract or agreement between the parties.

Around February of 2009, Mr. LeBlanc asked, and was given permission, to build offices in part of Thibodeaux's building. He incurred expenses in the form of lumber and material purchases for flooring, wiring, painting, electrical supplies, and labor. He also sent two of his employees to inspection school at the cost of $160 each. When the impasse on the sale price was reached in May of 2009, Mr. Thibodeaux agreed to pay for Mr. LeBlanc's expenditures, and he asked for LeBlanc's bills. The record contains an invoice dated May 7, 2009, from "LeBlanc's Automotive and Glass LLC" in Lafayette, listing materials and labor "Sold to" "Country Windshields" in St. Martinville. The total on the invoice is $14,244.35. Mr. LeBlanc incorporated the text of this invoice into his petition and entered the invoice as "Plaintiff's Exhibit 1."

Mr. LeBlanc's only other exhibit was a copy of a check dated May 8, 2009, written by payor "Country Windshields, Inc." to payee "LeBlanc's Automotive and Glass" in the amount of $14,104.35, which Mr. LeBlanc entered as "Plaintiff's Exhibit 2." Mr. LeBlanc testified that a copy of Thibodeaux's check was faxed to him, but he never received the actual instrument/check.

2

Mr. LeBlanc testified that he went to Thibodeaux's house and lawyer's office repeatedly, but never got paid. Mr. Thibodeaux testified that LeBlanc brought additional receipts; that Mr. Thibodeaux wrote an even larger check than the above-referenced; and that he called LeBlanc repeatedly to pick up the check at the lawyer's office, but LeBlanc would not answer his phone. In questioning Mr. LeBlanc, Mr. Thibodeaux's attorney asked if Mr. LeBlanc had refused to sign the release that accompanied the check, and Mr. LeBlanc indicated that was because the check was for only $6,000 at that time. The only testimony given was that of Mr. LeBlanc and Mr. Thibodeaux, and the only exhibits entered were those of the plaintiff described in the preceding paragraph.

Mr. LeBlanc filed suit in November of 2014, over five years after the invoice/demand was given to Thibodeaux in May of 2009. Thibodeaux brought an exception of prescription. After some initial no-shows by the plaintiff and/or his lawyer, the exception was tried, with the above testimony and evidence entered into the record. The trial court granted the exception, and Mr. LeBlanc filed the appeal now under review.

III.

### STANDARD OF REVIEW

Ordinarily, the exceptor bears the burden of proof at the trial of the peremptory exception. *Campo v. Correa*, 01-2707, p. 7 (La. 6/21/02), 828 So.2d 502, 508. However, if prescription is evident on the face of the pleadings, the burden shifts to the plaintiff to show the action has not prescribed. [*Id.*]; *Williams v. Sewerage & Water Bd. of New Orleans*, 611 So.2d 1383, 1386 (La.1993). If evidence is introduced at the hearing on the peremptory exception of prescription, the district court's findings of fact are reviewed under the manifest error-clearly wrong standard of review. *Stobart v. State, Through DOTD*, 617 So.2d 880, 882 (La.1993).

> If the findings are reasonable in light of the record reviewed in its entirety, an appellate court may not reverse even though convinced that had it been sitting as the trier of fact, it would have weighed the evidence differently. *Id*. at 882-83.

*Carter v. Haygood*, 04-646, pp. 8-9 (La. 1/19/05), 892 So.2d 1261, 1267.

## IV.

## <u>LAW AND DISCUSSION</u>

Mr. LeBlanc contends that the trial court erred in finding that his suit against Thibodeaux had prescribed because, he argues, the applicable prescriptive period is ten years pursuant to La.Civ.Code art. 3499. In support of his position, Mr. LeBlanc argues that (1) a valid oral contract existed under La.Civ.Code arts. 1906[1] and 1927,[2] which Thibodeaux breached by refusing to sell the property. Mr. LeBlanc further argues that (2) he sustained damages under La.Civ.Code art. 1967 because he detrimentally relied upon Mr. Thibodeaux's promise to sell, which is also in the contract realm. Mr. LeBlanc finally argues that (3) Thibodeaux was unjustly enriched under La.Civ.Code art. 2298 by Mr. LeBlanc's expenditures, also arising under a ten-year prescriptive period.

Thibodeaux, on the other hand, argues that there was no contract, agreement, or promise to sell; and that the applicable prescriptive period is three years under La.Civ.Code art. 3494 because LeBlanc's action is for the recovery of money owed and compensation for services rendered, or, an action on an open

---

[1]"A contract is an agreement by two or more parties whereby obligations are created, modified, or extinguished." La.Civ.Code art. 1906.

[2]"Unless the law prescribes a certain formality for the intended contract, offer and acceptance may be made orally, in writing, or by action or inaction that under the circumstances is clearly indicative of consent." La.Civ.Code art. 1927.

4

account. Thus, he argues, the action is prescribed. Thibodeaux further argues that, because the amount of the alleged contract was well over $500, the contract or agreement must be proved by at least one witness *and* corroborating circumstances, pursuant to La.Civ.Code art. 1846, which it was not.

We find no manifest error in the trial court's judgment granting the Thibodeaux's exception of prescription and dismissing Mr. LeBlanc's suit. The parties are conflating a contract to sell Country Windshields and the obligation to repay the money that Mr. LeBlanc spent on a building that he did not own. We agree with Thibodeaux that the contract to sell the business was never perfected. It was never reduced to writing, which is a requirement for the sale of immovable property. La.Civ.Code arts. 2440[3] and 1832.[4] However, Mr. LeBlanc's petition does not seek to enforce the sale.[5] He seeks to recover the expenses evidenced in the invoice, which Thibodeaux agreed to pay upon presentation of the bills in 2009. *This is the undisputed agreement between the parties*.

Mr. LeBlanc's petition incorporates the invoice for supplies and labor in the amount of $14,244.35, and this is purportedly actual money that Mr. LeBlanc spent, which he seeks to recover. It is well-settled: "The character of an action disclosed in the pleadings determines the prescriptive period applicable to that

---

[3]"A sale or promise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in Article 1839." La.Civ.Code art. 2440.

[4]"When the law requires a contract to be in written form, the contract may not be proved by testimony or by presumption, unless the written instrument has been destroyed, lost, or stolen." La.Civ.Code art. 1832.

[5]Rather, LeBlanc argues that his suit is a "personal" action, which is distinguishable from a "real" action. "A personal action is one brought to enforce an obligation against the obligor, personally and independently of the property which he may own, claim, or possess." La.Code Civ.P. art. 422. "A real action is one brought to enforce rights in, to, or upon immovable property." *Id.*

5

action." *Starns v. Emmons*, 538 So.2d 275, 277 (La.1989). A suit to recover money is specifically addressed in La.Civ.Code art. 3494, and it is this article's three-year prescriptive period that applies in this case. Its applicability turns on the *specificity* of La.Civ.Code art. 3494 and the fact that it is an *exception* to the *residual* rule in La.Civ.Code art. 3499.

### *Comparison of Articles 3494 and 3499*

Louisiana Civil Code Article 3494, prior to its amendment in 2018, stated in pertinent part (emphasis added):

> The following actions are subject to a liberative prescription of three years:
>
> (1) *An action for the recovery of compensation for services rendered*, including payment of salaries, wages, commissions, *tuition fees*, professional fees, fees and emoluments of public officials, freight, passage, *money*, lodging, and board;
>
> . . . .
>
> (4) *An action on an open account* . . . .
>
> . . . .

Louisiana Civil Code Article 3499 states (emphasis added): "*Unless otherwise provided by legislation*, a personal action is subject to a liberative prescription of ten years."

The Louisiana Supreme Court in *Grabert v. Iberia Parish School Board*, 93-2715 (La. 7/5/94), 638 So.2d 645, explained the applicability of La.Civ.Code art. 3494 to specific claims enumerated therein, rather than La.Civ.Code art. 3499, which is the general statute applying only to personal claims not *otherwise provided for* in other legislation. This was true, even though the claims arose from breach of contract. There, tenured employees under four-year contracts

sought wages not paid according to the proper salary index. The supreme court stated:

> A petition claiming breach of contract by the payment of wages less than what is due and seeking judgment for the underpaid wages is clearly a cause of action asserting the right to recover unpaid wages. Breach of contract is not a free standing cause of action. It is a legal premise, or principle, which gives rise to the right to claim some substantive remedy at law. Here that remedy is the recovery of past due wages.

*Id*. at 646.

The *Grabert* court then discussed its earlier decision in *Starns*, 538 So.2d 275, where the plaintiff sought rent arrearages in a petition alleging breach of contract. The *Starns* court had found that "*all* actions covered by article 3494 are grounded in contractual relationships." *Grabert*, 638 So.2d at 647. "Article 3494 does not present a choice between a contract remedy and some other remedy; it merely provides exceptions to the general rule stated in article 3499 that a personal action prescribes in ten years." *Id*. (quoting *Starns*, 538 So.2d at 278). Accordingly, the court in *Grabert* found that "virtually all claims for wages arise out of breach of a contract, oral or written," for which the remedy is recovery of wages under La.Civ.Code art. 3494. *See Id*. Similarly, quoting extensively from *Grabert*, the second circuit in *Minor v. Monroe Surgical Hospital, LLC*, 49,367 (La.App. 2 Cir. 11/19/14), 154 So.3d 665, *writ denied*, 14-2667 (La. 3/13/15), 161 So.3d 641, found that a medical director's claim to recover unpaid compensation was subject to the three-year prescriptive period of La.Civ.Code art. 3494.

Here, Mr. LeBlanc's argument that the residual prescriptive period of La.Civ.Code art. 3499 gives him ten years to file suit is misplaced. Where La.Civ.Code art. 3494 specifically provides a remedy for the recovery of money

owed if the action is brought within three years, there is no merit to Mr. LeBlanc's contention that the action against Thibodeaux was still viable over five years after the original demand was exigible. *See* La.Civ.Code art. 3495. Because we find that the action was for the recovery of money owed, pursuant to La.Civ.Code art. 3494(1), we pretermit discussion of whether the obligation derived from an open-account under La.Civ.Code art. 3494(4).

### *Promise and Detrimental Reliance*

Mr. LeBlanc next urges that he is entitled to recover under a theory of detrimental reliance because Mr. Thibodeaux promised him that he would sell him Country Windshields. In reliance upon that promise, Mr. LeBlanc expended his own funds to build offices in the building to his detriment. Mr. LeBlanc cites *State v. Murphy Cormier General Contractors, Inc.*, 15-111 (La.App. 3 Cir. 6/3/15), 170 So.3d 370, *writ denied*, 15-1297 (La. 9/25/15), 178 So.3d 573, for the proposition that detrimental reliance is contractual and subject to the ten-year prescriptive period of La.Civ.Code art. 3499.

Louisiana Civil Code Article 1967 on detrimental reliance, effective in 1985, states in pertinent part (emphasis added):

> A party may be obligated by a *promise* when he knew or should have known that the promise would *induce* the other party to rely on it to his detriment and the other party was *reasonable* in so relying. Recovery may be limited to the expenses incurred or the damages suffered as a result of the promisee's reliance on the promise. *Reliance on a gratuitous promise made without required formalities is not reasonable.*

Mr. LeBlanc did not offer proof at the trial of the exception that there was a "promise" to sell the property for $3,000 per month. Mr. LeBlanc testified that his employees and a financial advisor were with him at one meeting with Mr.

8

Thibodeaux, but he did not call them as witnesses or even provide affidavits from them regarding what they heard or saw. In addition to La.Civ.Code arts. 2440 and 1832, which require the sale of an immovable to be in writing, La.Civ.Code art. 1846 provides that if a contract is valued at over $500, its existence "must be proved by at least one witness and other corroborating circumstances." No such proof has been submitted in this case.

Further, the record reveals that Mr. Thibodeaux did not *induce* Mr. LeBlanc to prematurely spend his own money on Thibodeaux's building. It was Mr. LeBlanc *who asked* to build the offices. He seemed in a hurry, and Thibodeaux allowed him to proceed. In discussing a sale, there is no evidence that Thibodeaux required any consideration from Mr. LeBlanc in the form of a down payment or an earnest money deposit of any kind. He did not even require a single rent payment from Mr. LeBlanc. Such a promise, if made, would have been a gratuitous promise, and gratuitous promises are not enforceable under La.Civ.Code art. 1967 if formalities are required but not observed. The sale of an immovable is required to be in writing. In fact, even a *promise to sell* an immovable must be in writing. "A sale or promise of sale of an immovable must be made by authentic act or by act under private signature, except as provided in Article 1839." La.Civ.Code art. 2440.

Detrimental reliance is generally based upon an oral promise that imposes a burden upon the other party; such a promise is *onerous* because of the burden imposed. *Cenac v. Hart*, 98-1679 (La.App. 3 Cir. 4/7/99), 741 So.2d 690. If the promisee performs the burden at a cost to himself, and the promisor does not keep his part of the bargain, then the oral promise is enforceable, if it was reasonable for the promisee to rely on the promise in the first place. With such a promise no writing is required. *Id.* By contrast, a gratuitous promise is one given freely without

imposing a burden. If this gratuitous promise requires a writing under the law, and no writing is made, the gratuitous promise is not enforceable. *See Id. See Dugas v. Guillory*, 97-398 (La.App. 3 Cir. 10/7/98), 719 So.2d 719, explaining the difference between an enforceable *onerous* promise and an unenforceable *gratuitous* promise. *See also Palermo Land Co., Inc. v. Planning Comm'n of Calcasieu Parish*, 561 So.2d 482 (La.1990) ("Equitable considerations and estoppel cannot be permitted to prevail when in conflict with the positive written law." *Id*. at 488).

> As recognized in *John Bailey Contractor, Inc. v. State Through DOTD*, 439 So.2d 1055 (La.1983), a requirement for recovery under the theory of detrimental reliance is that the party seeking recovery must have had a justifiable reliance in the representation. In connection with that requirement, La.Civ.Code art. 1967 specifically states that "Reliance on a gratuitous promise made without required formalities is not reasonable." In *Andrus v. Andrus*, 93-856 (La.App. 3 Cir. 3/2/94); 634 So.2d 1254, we held that reliance based upon a donation of immovable property without adherence to the formal, written requirements provided by law was not justified. *See also Kibbe v. Lege*, 604 So.2d 1366 (La.App. 3 Cir.), *writs denied*, 606 So.2d 540, 606 So.2d 541 (La.1992).

*Gray v. McCormick*, 94-1282, p. 10 (La.App. 3 Cir. 10/18/95), 663 So.2d 480, 486.

Accordingly, here, the requirements of La.Civ.Code art. 1967 are not met. Thus, Mr. LeBlanc cannot prevail under this theory of recovery.


*Unjust Enrichment*

Mr. LeBlanc posits a final theory of recovery, arguing that his expenditures on the building of Thibodeaux unjustly enriched Thibodeaux at the expense and impoverishment of Mr. LeBlanc. The theory of unjust enrichment is based in equity and decided by a judge because there is no agreement, and because no other remedy is available. *Minyard v. Curtis Prod., Inc.*, 251 La. 624, 205 So.2d

10

422 (La.1967). Obligations that are contracted without an agreement are quasi contracts and subject to a prescriptive period of ten years. *Id.*

The absence of another remedy is key in this case because we have found, based upon Mr. LeBlanc's petition containing the invoice he gave to Mr. Thibodeaux in 2009, that he had a cause of action for money owed, and he allowed it to prescribe. In an attempt to meet the requirement of "no other remedy," Mr. LeBlanc argues that a finding by this court that his action has prescribed will leave him without a remedy. But such interpretation is not based in law. The current law provides in pertinent part:

> A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. *The remedy declared here is subsidiary and shall not be available if the law provides another remedy* for the impoverishment or declares a contrary rule.

La.Civ.Code art. 2298 (emphasis added).

> Unjust enrichment requires "[a] person who has been enriched without cause at the expense of another person" to provide compensation to that person. La.Civ.Code art. 2298. Recovery pursuant to unjust enrichment requires a plaintiff to prove: "(1) an enrichment; (2) an impoverishment; (3) a connection between the enrichment and the resulting impoverishment; (4) an absence of justification or cause for the enrichment and impoverishment; *and* (5) the lack of another remedy at law." *Davis v. Elmer*, 14-1298, p. 7 (La.App. 1 Cir. 3/12/15), 166 So.3d 1082, 1088. *Most importantly, this remedy is "subsidiary in nature and 'shall not be available if the law provides another remedy.'"* *Walters v. MedSouth Record Mgmt., LLC*, 10-353, p. 2 (La.6/4/10), 38 So.3d 243, 244 (per curiam) (quoting La.Civ.Code art. 2298). *"The mere fact that a plaintiff does not successfully pursue another remedy does not give the plaintiff the right to recover under the theory of unjust enrichment."* *Id.*

11

*Patriot Const. & Equip., LLC v. Rage Logistics, LLC*, 15-1136, p. 11 (La.App. 3 Cir. 4/6/16), 215 So.3d 844, 852 (emphasis added), *writ denied*, 16-864 (La. 9/6/16), 205 So.3d 917.

In *Walters v. MedSouth*, 38 So.3d 243, quoted directly above, the Louisiana Supreme Court stated as follows:

> In the instant case, plaintiff's original petition alleges he suffered harm as a "direct result of the negligent and tortious conduct" of defendant. Having pled a delictual action, we find plaintiff is precluded from seeking to recover under unjust enrichment. *See Gallant Investments, Ltd. v. Illinois Central R. Co*., 08-1404, p. 9 (La.App. 1 Cir. 2/13/09), 7 So.3d 12, 18 ("we conclude that any equitable action for unjust enrichment is precluded by the availability of the unambiguously-pleaded delictual action").
>
> Moreover, we find it of no moment that plaintiff's tort claims have been held to be prescribed. The mere fact that a plaintiff does not successfully pursue another available remedy does not give the plaintiff the right to recover under the theory of unjust enrichment. *See Jim Walter Homes v. Jessen*, 98-1685, p. 13 (La.App. 3 Cir. 3/31/99), 732 So.2d 699, 706 ("[t]o find that Jim Walter Homes now has no other remedy and to provide it one under unjust enrichment would be tantamount to allowing any plaintiff who let his cause of action prescribe, or any plaintiff who knowingly wrote a bad contract, to recover under an enrichment theory").

*Id*. at 244.

Similarly here, Mr. LeBlanc submitted an invoice to Mr. Thibodeaux for labor and supplies that Mr. Thibodeaux never paid. That invoice was copied into Mr. LeBlanc's petition. His petition clearly sought to recover the money that he had invoiced five and one half years earlier, pursuant to an undisputed May 2009 agreement by Thibodeaux to pay the expenses of LeBlanc. *This was the undisputed agreement between the parties; that LeBlanc would submit his bills, and Thibodeaux would pay them.* Regardless of whose fault it was, LeBlanc was never paid. If

LeBlanc had pursued his remedy on the invoice within the time allowed under La.Civ.Code art. 3494, he likely would have recovered some money. The fact that he did not does not now give him a cause of action for unjust enrichment. This argument has no merit.

## V.

## <u>CONCLUSION</u>

Based upon the foregoing, the trial court's judgment granting the exception of prescription in favor of Fred and Virginia Thibodeaux and dismissing the suit of Randy LeBlanc is affirmed. The costs of this appeal are assessed against the plaintiff, Randy LeBlanc.

**AFFIRMED.**