STATE OF LOUISIANA
COURT OF APPEAL, THIRD CIRCUIT

21-548


HIDDEN GROVE, LLC

VERSUS

RICHARD A. BRAUNS AND LESLIE BRAUNS


**********

APPEAL FROM THE
FIFTEENTH JUDICIAL DISTRICT COURT
PARISH OF LAFAYETTE, NO. C-20134910
HONORABLE LAURIE A. HULIN, DISTRICT JUDGE

**********

**J. LARRY VIDRINE**
**JUDGE**

**********

Court composed of Shannon J. Gremillion, Candyce G. Perret, and J. Larry Vidrine\*,
Judges.


**REVERSED, REQUEST DENIED.**

_____

\*Honorable J. Larry Vidrine participated in this decision by appointment of the Louisiana
Supreme Court as Judge Pro Tempore.

**Patrick J. Briney**
**Brandon M. Verret**
**Kathryn T. Love**
**Scott M. Richard**
**Michael P. Corry, Sr.**
**Briney, Foret and Corry**
**413 Travis Street, Suite 200**
**Post Office Drawer 51367**
**Lafayette, LA 70505-1367**
**(337) 237-4070**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Leslie Brauns**
    **Richard A. Brauns**

**Gerald C. DeLaunay**
**Perrin, Landry and DeLaunay**
**P. O. Box 53597**
**Lafayette, LA 70505-2594**
**(337) 237-8500**
**COUNSEL FOR PLAINTIFFS/APPELLEES:**
    **Hidden Grove, LLC**
    **Gerald Millard Gossen, Jr.**
    **Jeffrey Mark Gossen**

**James L. Bullen**
**Lauren L. Gardner**
**Bullen & Plauche, LLC**
**130 South Audubon Boulevard, Suite 102**
**Lafayette, LA 70501**
**(337) 237-5900**
**COUNSEL FOR DEFENDANTS/APPELLANTS:**
    **Leslie Brauns**
    **Richard A. Brauns**

**VIDRINE, Judge Pro Tempore.**

This is a case where a developer of a subdivision filed suit against the purchasers of a lot, who also acquired a right of first refusal on two adjacent lots. The developer requests specific performance by the purchasers for their breach of contract. Alternatively, the developer alleges damages due to the purchasers' trespass on the adjacent lots and/or unjust enrichment for the purchasers' excavation of the soil from the adjacent lots. After finding no basis for the developer's breach of contract or trespass claims, the trial court awarded the developer damages under the theory of unjust enrichment. The purchasers appeal.

## FACTS AND PROCEDURAL HISTORY:

This case arises out of the excavation of lots located in The Grove Subdivision in Lafayette, Louisiana, by Richard and Lisa Brauns (the Braunses). The Braunses constructed their family home on Lot 14 of The Grove Subdivision. They purchased Lot 14 from a third party not involved in this litigation on August 30, 2011.

On August 31, 2011, the Braunses purchased Lot 15 from Hidden Grove, L.L.C. (Hidden Grove), the developer of the subdivision, and were given a right of first refusal on Lots 16 and 17. The surface elevations of Lots 16 and 17 were substantially higher than that of Lot 14, where their family home was to be located. Because the Braunses intended to construct a swimming pool on Lot 15, they sought to lower the elevation of Lots 16 and 17 to match the elevations of the lots they purchased due to privacy concerns.

Hidden Grove agreed the Braunses could excavate Lots 16 and 17 to protect their privacy, but that the Braunses would have to pay for the excavation. Prior to any written agreement between the parties, excavation began on January 28, 2013, with permission, given orally, by Hidden Grove.

After the excavation was near completion, disputes arose between the parties. One dispute was whether the Braunses provided any engineering plans to Hidden Grove. Another was whether those engineering plans called for the Braunses to construct a retaining wall on Lots 16 and 17.

According to the Braunses, in July 2013, a member of Hidden Grove told Mr. Brauns to get off Lot 16 when that member discovered that the Braunses had no intent to construct a retaining wall on Lots 16 and 17. At this point the Braunses ceased the excavation. Thereafter, on September 25, 2013, Hidden Grove filed suit against the Braunses alleging breach of contract and requesting the specific performance of concluding the excavation and construction of a retaining wall on Lots 16 and 17. The suit was then amended with Hidden Grove alleging, alternatively, that it was entitled to recovery under the theory of trespass and/or unjust enrichment.

After the matter was before this court on three other occasions, a trial was held beginning on January 21, 2021. After evidence was submitted, the trial court denied Hidden Grove recovery for breach of contract or trespass. However, the trial court did find that Hidden Grove successfully proved its entitlement to recovery under unjust enrichment and rendered judgment in favor of Hidden Grove on that claim.

The Braunses appeal assigning four errors. Hidden Grove answered the appeal and, in the event this court reverses or modifies the trial court's judgment regarding unjust enrichment, that this court grant judgment under breach of contract or trespass.

**ASSIGNMENTS OF ERROR:**

1. The trial court erred as a matter of law in holding Hidden Grove was entitled to the remedy of unjust enrichment because it could not prove its breach of contract or trespass claims, the fifth essential element of an unjust enrichment claim.

2.	The trial court erred as a matter of law in failing to recognize Hidden Grove failed to prove the fourth essential element of a cause of action for unjust enrichment.

3.	The trial court committed manifest error in holding Hidden Grove "did not agree nor approve that engineering modification of lot 16."

4.	The trial court committed manifest error in holding Hidden Grove had been impoverished and the Braunses enriched.

## ASSIGNMENT OF ERROR NUMBER ONE:

The Braunses assert, in their first assignment of error, that the trial court erred as a matter of law in holding that Hidden Grove was entitled to the remedy of unjust enrichment because it could not prove its breach of contract or trespass claims, the fifth essential element of an unjust enrichment claim. We agree that the trial court erred in finding that Hidden Grove proved an essential element to an unjust enrichment claim, "no other remedy available at law," but not for the reasoning put forth by the Braunses.

In *Jim Walter Homes, Inc. v. Jessen*, 98-1685, pp. 4-5 (La.App. 3 Cir. 3/31/99), 732 So.2d 699, 702, this court stated:

> Our Supreme Court has recently reiterated the standard of review on appeal in *Syrie v. Schilhab*, 96-1027, p. 4 (La.5/20/97); 693 So.2d 1173, 1176 (citations omitted) as follows:
>
> > A court of appeal may not set aside a trial court's finding of fact in the absence of "manifest error" or unless it is "clearly wrong." This court has announced a two-part test for the reversal of the factfinder's determinations: (1) the appellate court must find from the record that a reasonable factual basis does not exist for the finding of the trial court, and (2) the appellate court must further determine that the record establishes that the finding is clearly wrong (manifestly erroneous). The issue to be resolved by the reviewing court is not whether the trier of fact is right or wrong but whether the factfinder's conclusion was a reasonable one. . . . The reviewing court must always keep in mind that if the trial court's findings are reasonable in light of the record reviewed in its entirety, the court of appeal may not reverse, even if convinced that had it been

3

sitting as trier of fact, it would have weighed the evidence differently.

In the present case, [Appellant] urges that another standard of review is applicable in this case wherein its assignments of error assert that the trial court made reversible errors of law. Appellate review of a question of law is simply a decision as to whether the lower court's decision is legally correct or incorrect. *Ducote v. City of Alexandria*, 95-1269 (La.App. 3 Cir. 7/17/96); 677 So.2d 1118. If the trial court's decision was based on its erroneous application of law, rather than on a valid exercise of discretion, the trial court's decision is not entitled to deference by the reviewing court. *Kem Search, Inc. v. Sheffield*, 434 So.2d 1067 (La.1983). In fact, when an appellate court finds that a reversible error of law or manifest error of material fact was made in the lower court, it must redetermine the facts de novo from the entire record and render a judgment on the merits. *Rosell v. ESCO*, 549 So.2d 840 (La.1989); *Lasha v. Olin Corp.*, 625 So.2d 1002 (La.1993).

Louisiana Civil Code article 2298 states:

A person who has been enriched without cause at the expense of another person is bound to compensate that person. The term "without cause" is used in this context to exclude cases in which the enrichment results from a valid juridical act or the law. The remedy declared here is subsidiary and shall not be available if the law provides another remedy for the impoverishment or declares a contrary rule.

The amount of compensation due is measured by the extent to which one has been enriched or the other has been impoverished, whichever is less.

The extent of the enrichment or impoverishment is measured as of the time the suit is brought or, according to the circumstances, as of the time the judgment is rendered.

This court, in *Moroux v. Toce*, 06-831, 06-832, p. 15 (La.App. 3 Cir 11/2/06), 943 So.2d 1263, 1273, *writ denied*, 07-117 (La. 3/16/07), 952 So.2d 698, iterated the five elements of an unjust enrichment claim as follows:

A party seeking to recover pursuant to the theory of unjust enrichment bears the burden of proving five elements: (1) an enrichment of the defendant; (2) an impoverishment of the plaintiff; (3) causation between the enrichment and the impoverishment; (4) an absence of justification or cause for either the enrichment or the impoverishment; and (5) no other remedy available at law.

About the fifth element of an unjust enrichment claim, our supreme court states, "The mere fact that a plaintiff does not successfully pursue another available remedy

does not give the plaintiff the right to recover under the theory of unjust enrichment." *Walters v. MedSouth Record Mgmt., LLC*, 10-353, p. 2 (La. 6/4/10), 38 So.3d 243, 244.

Here, the Braunses argue the trial court erred as a matter of law in finding Hidden Grove entitled to unjust enrichment because the trial court found Hidden Grove could not prove its breach of contract or trespass claims and thus, Hidden Grove had "no other remedy available at law." *Id.* Hidden Grove counters that no contract remedy existed because the trial court found no contract between the parties due to no meeting of the minds and no trespass remedy existed because the trial court found the Braunses were given consent to be on Lots 16 and 17. Therefore, according to Hidden Grove, the trial court correctly found that it met the fifth criteria for unjust enrichment, "no other remedy available at law," not simply because the two other proposed theories failed, but because the two other theories of recovery never existed.

First, the Braunses are incorrect that a party alleging entitlement to recovery based on something other than unjust enrichment necessitates a finding that the same party's claim for unjust enrichment must fail. Hidden Grove is correct in that entitlement to unjust enrichment is dependent on the *existence* of a remedy in law, and not precluded because a plaintiff *alleges* a different remedy in law. *Jim Walter Homes, Inc.*, 732 So.2d 699. However, the Braunses are correct that the trial court erroneously found that Hidden Grove met its burden to prove the final element of unjust enrichment, "no other remedy available at law."

Louisiana Civil Code Article 2298 provides, "the remedy of unjust enrichment is subsidiary in nature, and 'shall not be available if *the law* provides another remedy.'" *Walters v. MedSouth Record Mgmt., LLC.*, 10-351, p. 2 (La. 6/4/10), 38 So.3d 245, 246 (quoting *Carriere v. Bank of Louisiana*, 95-3058, p. 17

5

(La.12/13/96), 702 So.2d 648, 671 (emphasis added). This language is such that a remedy under unjust enrichment is based in equity as a last resort to fill a lacuna or gap in the *law*, i.e., a general factual situation where no applicable law exists. Therefore, merely because no remedy exists under applicable law for a specific plaintiff against a specific defendant under the specific facts of a case does not dictate that the fifth element of unjust enrichment is met. Consideration of the reasonable actions or inactions of the specific parties in a case is relevant to whether one proves "no other remedy available at law." The question is not whether there is a gap in remedy available under the law as applied to these parties under these facts. Rather, the question is whether a gap exists because there is no remedy under the law had the parties acted reasonably and prudently.

> Few concepts are as firmly rooted in our statutory law and jurisprudence as the principle that agreements as to immovable property must be in writing. To allow litigants to avoid this principle merely by framing their cause of action in terms of a tort would be jurisprudentially eradicating a concept as old as the Civil Code itself. We are aware that this policy may sometimes result in harsh consequences. However, these consequences were as apparent to the redactors of the Civil Code as they are to modern legislators. Nevertheless, the Louisiana legislature has consistently chosen to have interest in immovable property protected by a steadfast rule of law rather than the vagaries of an equitable case by case approach.

*Ogden v. Ogden*, 93-1413, p. 5 (La.App. 3 Cir. 9/21/94), 643 So.2d 245, 248, *writ denied*, 94-2539 (La.1/13/95), 648 So.2d 1339.

The trial court found the Braunses were enriched by a reduction of the price they paid for Lot 15 due to being allowed to change the elevation of Lots 16 and 17. This finding invokes obligations affecting immovable property, and the law, with specific requirements that such obligations be reduced to writing, are present to protect the parties and clearly delineate obligations affecting real property. Hidden Grove and the Braunses both failed to invoke that protection. Accordingly, allowing Hidden Grove a remedy in unjust enrichment against the Braunses after its failure to

6

use protections available to it in the law is tantamount to circumventing the applicable law that affords protection to parties by having agreements affecting real property be reduced to writing. Here, Hidden Grove, as a subdivision developer, is sophisticated in dealing with immovable property. It knew or should have known to protect itself by exercising rights demanded of it under applicable law, i.e., demanding each parties' obligations be reduced into writing prior to the excavation commencing on its immovable property detailing a structure must be constructed on that property. Their failure to do so creates the fact that *it* has no remedy available at law but does not constitute a gap in the law for prudent parties such that equity demands a remedy.

This situation is analogous to a party whose claim is preempted. Peremption destroys a claim. La.Civ.Code art. 3458. Thus, it is as if that claim no longer exists. The party's failure to protect the existence of that claim cannot be undone by invoking unjust enrichment. Here, to protect its claim, a party need follow laws that exist to protect it, i.e., put a contract affecting immovable property in writing. Its failure to do so does not dictate that unjust enrichment can be used to remedy that failure.

Accordingly, we find Hidden Grove had a remedy against the Braunses were it to have acted prudently and properly by following the applicable law. Therefore, we find that Hidden Grove failed to show the fifth element of entitlement to unjust enrichment, and we reverse the trial court's finding that unjust enrichment is applicable to the case before us.

**ASSIGNMENTS OF ERROR NUMBERS TWO, THREE AND FOUR:**

We find in ASSIGNMENT OF ERROR NUMBER ONE that the trial court erred in finding Hidden Grove was entitled to unjust enrichment damages against the Braunses because Hidden Grove failed to prove it had "no other remedy available

7

at law," an essential element of an unjust enrichment claim. This finding pretermits the remaining assignments of error raised by the Braunses as they all request the remedy of reversing the trial court's finding that Hidden Grove was entitled to damages from them for unjust enrichment.

## ANCILLARY MATTER:

Hidden Grove answered the appeal and, in brief, requests that this court grant it judgment against the Braunses under breach of contract or trespass in the event we reverse or modify the trial court's judgment regarding unjust enrichment. We deny this request.

One essential element of a breach of contract claim is the existence of a contract. *Franklin v. Fountain Group Adjusters, L.L.C.*, 17-724 (La.App. 3 Cir. 6/6/18), 249 So.3d 84, *writ denied*, 18-1490 (La. 11/20/18), 256 So.3d 989. Here, there is no evidence in the record that Hidden Grove produced a contract regarding a retaining wall on Lots 16 and 17, and Hidden Grove has a burden of proving such a contract exists.

Further, the trial court found, as fact, that no meeting of the minds occurred between Hidden Grove and the Braunses regarding the retaining wall. This finding is supported by the conflicting testimonies of the parties on this issue. Thus, we find no error by the trial court in denying Hidden Grove's breach of contract claim based on a lack of contract in existence.

Additionally, we find no error that Hidden Grove failed to prove entitlement to damages for trespass from the Braunses. A trespass is an unlawful physical invasion of the property or possession of another. *Gaspard v. St. Martin Parish Sewerage Dist. # 1*, 569 So.2d 1083 (La.App. 3 Cir.1990). A trespasser is "one who goes upon the property of another *without the other's consent*." *Pepper v. Triplet*, 03-619 (La.1/21/04), 864 So.2d 181, 197 (quoting *Williams v. J. B. Levert Land Co.*,

8

*Inc.*, 162 So.2d 53, 58 (La.App. 1 Cir.), *writ refused*, 245 La. 1081, 162 Sp/2d 574 (1964)(emphasis added).

Here, the trial court found the Braunses were given consent to be on Lots 16 and 17. This finding of fact is supported by a multitude of testimonies in the record and by the fact that the excavation on Lots 16 and 17 was open, obvious, and allowed by Hidden Grove to near completion prior to Hidden Grove raising issues related to that excavation. Thus, we find no manifest error by the trial court in denying Hidden Grove's claim for trespass.

Given the above, we deny Hidden Grove's request for judgment against the Braunses for breach of contract or trespass. The trial court committed no error in denying Hidden Grove recovery under these two theories.

## CONCLUSION:

Richard and Lisa Brauns raise four assignments of error asserting the trial court erred in granting judgment in favor of Hidden Grove, L.L.C. for unjust enrichment. Hidden Grove, L.L.C. answers the appeal and requests, in the event this court reverses or modifies the trial court's judgment regarding unjust enrichment, that this court grant judgment under breach of contract or trespass.

We find merit to Richard and Lisa Brauns' assigned error that the trial court erred in finding Hidden Grove, L.L.C. met its burden to prove no other remedy available at law," an essential element to its claim for unjust enrichment.

As such, we reverse the trial court's judgment finding Hidden Grove, L.L.C. entitled to an award for unjust enrichment. Further, we deny Hidden Grove, L.L.C.'s request for judgment against Richard and Lisa Brauns for breach of contract or trespass, thereby affirming the trial court's denial of same. We assess all costs of this appeal to Hidden Grove, L.L.C.

**REVERSED, REQUEST DENIED.**

9